[No. 7201.  Decided September 15, 1908.]

NORTHWEST THRESHER COMPANY, *Appellant*, v. LEWIS
DAHLGREN *et al.*, *Respondents.*[1]

PRINCIPAL AND AGENT—AUTHORITY OF AGENT—EVIDENCE—ACCORD
AND SATISFACTION. An agent is shown to have had authority to make
an accord and satisfaction of the amount due on promissory notes
secured by chattel mortgage, by accepting the mortgaged and other
property in discharge of the debt, pending a foreclosure, where it
appears that the agent sold the machinery for which the notes were
given, received the notes and mortgage, collected all payments, con-
ducted the foreclosure, and received the property given in satis-
faction.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered August 12, 1907, upon
findings in favor of the defendants, after a trial before the
court without a jury, in an action upon contract. Affirmed.

*E. C. Dailey*, for appellant.

*F. E. Anderson*, for respondents.

FULLERTON, J.—This action was brought by the appellant
against the respondents to recover a balance alleged to be
due upon three promissory notes. The notes in question were
executed by the respondents and delivered to the Minnesota
Thresher Manufacturing Company on December 30, 1892,
and were secured by mortgage upon certain personal prop-
erty. Foreclosure proceedings were begun in 1898, and
the property taken from the possession of the mortgagors.
Thereafter the appellant purchased the notes at a receiver's
sale of the Thresher Company's assets, it having become in-
solvent. This action was brought on October 5, 1906. To
the complaint, which was in the usual form, the respondents
filed an answer in which they admitted the execution of the
notes, but averred that the same had been paid and satisfied

'Reported in 97 Pac. 228.

by an accord and satisfaction between the respondents and the Minnesota Thresher Manufacturing Company, made at the time of the mortgage foreclosure, by which the company took the mortgage property and certain other property then owned by the respondents in satisfaction of the mortgage debt.

Whether or not such a settlement was made was the only issue between the parties. On the question, the evidence was conflicting, but since the trial judge found in favor of the respondents, we shall not disturb his findings. The witnesses were before him, and he is in a much better position to judge of the weight of the evidence than we are, who must take the evidence from the printed record.

The appellant contends, however, that, conceding the respondents version of the transaction to be true, the defense was not made out, since it was shown that the transaction was had with an agent of the Minnesota Thresher Manufacturing Company, and it is not shown that he had authority to make such an agreement. But it was testified that the agent sold the machinery to the appellant for which the notes were given, that he received the notes and mortgage from the appellant, that he collected all payments made upon the notes, some of which payments were in the form of lumber and timber products, and that he conducted the foreclosure proceedings, and received on behalf of the company not only the mortgage property, but the other property not covered by the mortgage which the appellant turned over therewith. Here was such apparent general authority to deal with the notes as to warrant the conclusion that he had full power to make such a settlement, even as against the belated statement of an ex-officer of the corporation to the effect that the agent's authority was only to collect the notes.

The judgment is affirmed.

HADLEY, C. J., MOUNT, CROW, and ROOT, JJ., concur.